## SMITH *versus* MORGAN.

In a suit upon a negotiable note, which came into the possession of plaintiff after its maturity, the payee is a competent witness to show its payment while in his hands, by the maker.

A party, who in the progress of the trial, makes use of a deposition, cannot afterwards corroborate or strengthen it, by the *disclosure* of the same witness, made and sworn to before two justices of the peace and quorum.

To invalidate the evidence of a witness, regarding a note he had testified about, the defendant showed, that he "manifested surprise at finding such a note in his papers, but could not recollect what he said"; — *held,* that this testimony was too indefinite and uncertain to be admissible.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

ASSUMPSIT, on a promissory note, dated May 9, 1833, payable to Joseph G. Bakeman or order, in two years from its date, for $124, witnessed and indorsed in blank by the payee. It was again indorsed by Lucius Hyde, on May 21, 1849.

It was proved, that it was turned out to the plaintiff by Hyde, on a disclosure under the Act in relation to poor debtors, and appraised at $100.

The defence was, that the note had been paid about the time it was due, and Bakeman testified, though objected to, that he received his pay and gave it up to defendant with his indorsement upon it.

Smith *v.* Morgan.

The plaintiff introduced the deposition of Hyde, to the effect that he received the note of Bakeman for a valuable consideration.

The testimony of a witness, against the objection of the plaintiff, was received, that " he was present at the disclosure of Hyde, and that he manifested surprise at finding such a note in his papers, but could not recollect what he said."

The plaintiff then offered the disclosure of Hyde, sworn to before the parties, to prove what and all he said about the note, which was rejected.

The plaintiff excepted to the rulings at the trial.

*G. W. Ingersoll,* for plaintiff.

The defendant was allowed to prove mental feelings, without giving the words spoken to express them, or even a fact from which they might be inferred.

The rule of evidence is, that when bodily or mental feelings are material to be proved, the usual expressions of such feelings made at the time are evidence. But in this case there was no cause for allowing such feelings to be proved, and if there was, it was violated, no expressions or words of Hyde having been proved. 1 Greenl. Ev. § 102.

After the admission of such testimony, the disclosure should have been admitted to prove what Hyde did say. It was taken down at the time, and the offer was to prove what expressions were used, and all he said at the time.

*J. H. Hilliard* and *A. W. Paine,* for defendant.

1. The indorser was rightly admitted to testify. *Davis* v. *Sawtelle,* 30 Maine, 389; *Freeman's Bank* v. *Pratt,* 31 Maine, 501.

2. Whatever was said and done at the time of the disclosure, when the note was turned out to plaintiff by the payee, was a part of the *res gestæ,* and of course admissible. The fact that he " manifested surprise," was therefore, as a fact, admissible.

*Again.* It seems plaintiff was present at the disclosure,

and the *note was turned out to him.* What was said and
done *in his presence* is of course admissible, as binding him
in the purchase of the note. So that whether the fact of
" manifesting surprise," be one of *acts* or *declarations*, it
matters not, as in both contingencies the plaintiff is bound
thereby.

*Still further.* The fact is admissible as contradicting the
witness Hyde, whose deposition had before been read to the
jury.

3. The disclosure was altogether *res inter alios*, and of
course not admissible. Hyde was plaintiff's own witness,
and the disclosure could only be offered to support or con-
firm his testimony.

TENNEY, J. — The note in suit was turned out, indorsed
by one Hyde, to the plaintiff, on a disclosure which he made
at the time he took the poor debtor's oath, and appraised
at the sum of one hundred dollars. Bakeman, the payee of
the note, testified for the defendant, the plaintiff objecting,
that at or about the time that the note became payable, it
was fully paid by the maker, and given up, with the indorse-
ment of Bakeman upon it. Hyde, on the other hand, tes-
tified to facts, tending to show, that he received the note
for a valuable consideration of the payee. A witness for
the defendant, against the objection of the plaintiff, was
allowed to testify, that being present at the disclosure,
" Hyde, the debtor, manifested surprise at finding such a note
in his papers, but could not recollect what he said."

Bakeman was competent to testify that the note was paid
and taken up by the maker. *Davis* v. *Sawtelle,* 30 Maine,
389.

No evidence being reported in the case, that the note
came to the hands of Hyde before its maturity, it was a ma-
terial question, whether it was or was not paid by the maker
to the payee, who at the time was the holder thereof. Ac-
cording to the finding of the case, the evidence of Hyde's sur-
prise was too indefinite and uncertain to be admissible. It

was suited to mislead the jury. It should have been excluded on the ground that it did not sufficiently appear that it was competent. The witness does not say that he saw Hyde examine his papers when he found the note; but that he was at the disclosure, and Hyde manifested surprise at finding the note in his papers. The surprise spoken of may have been manifested at the disclosure, in a statement of Hyde, that such was the case, although the papers may have been previously examined and the note found. Again, it does not appear, that the surprise was indicated by verbal expressions, which the witness had forgotten, or by appearance and acts; if the surprise was made known to the witness by the former, it is proper that the Court should have known what they were; and also, in order to ascertain, whether they were a part of the *res gestæ*, it should be proved, that they were made, when Hyde first found the note in his papers; at any other time, they would have been inadmissible, there being no act, which such expressions were suited to explain. If surprise was manifested by appearance and acts of Hyde, it is very difficult to perceive, how surprise shown in that mode, especially if it were not at the time when the note was found, could be attributed with any degree of certainty to the cause assigned by the witness.

Hyde having said nothing in his deposition on the subject of his surprise at finding the note, the testimony of the witness on this subject, has no tendency to contradict his statements therein.

The disclosure of Hyde was offered by the plaintiff, to prove what Hyde did say concerning the note, at the time of the disclosure, and all he said about it, but it was held inadmissible. The only effect, which this disclosure could have had, so far as we can perceive, was to corroborate the testimony of Hyde given in his deposition. The only corroboration which it would afford was, that on a former occasion he made statements, not inconsistent with those made in his

deposition and by the plaintiff in this case.   On no princi-
ple is such evidence for such a purpose admissible.

*Exceptions sustained.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.